UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMES DENHAM,

     Plaintiff,

v.                                                                    Case No. 2:25-cv-00094

EYM DINER OF FLORIDA, LLC
D/B/A DENNY'S, a foreign limited
liability company,

     Defendant.

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff JAMES DENHAM ("Plaintiff" or "Denham") sues Defendant, EYM DINER OF FLORIDA, LLC D/B/A DENNY'S, ("Defendant" or "Denny's"), and states as follows:

### CAUSES OF ACTION

1.    This is an action brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C.§ 201, et. seq. (FLSA) and Florida common law.

### PARTIES

2.    Plaintiff is an individual who currently resides in Charlotte County, Florida.

3.    Defendant is a foreign limited liability company with its principal place of business located in Irving, Texas.

4.    Defendant owns and operates a Denny's restaurant in Charlotte County, Florida.

5.      At all times material to this action, Plaintiff was employed at Defendant's restaurant in Charlotte County, Florida.

## JURISDICTION AND VENUE

6.      Subject matter Jurisdiction is proper in this Court under 28 U.S.C. §§ 1331 and 29 U.S.C. §216 (b) because this action involves a federal question under the Fair Labor Standards Act.  Jurisdiction over the state law claim set forth herein is proper pursuant to this Court's supplemental jurisdiction under 28 U.S.C. § 1367.

7.      Personal jurisdiction and venue are proper in the United States District Court for the Middle District of Florida because all events giving rise to Plaintiff's claims occurred in Charlotte County, Florida where Defendant operates a place of business and Plaintiff resides.

8.      Venue is proper in the Fort Myers Division because the action accrued in Charlotte County.

9.      All conditions precedent to maintaining this action have been performed, have occurred, have been excused, have been waived, or are futile.

## GENERAL ALLEGATIONS

10.     Defendant is a multi-unit Denny's franchise company.

11.     Plaintiff was formerly employed by Defendant as a Server from February 2024 through August 18, 2024.

## FLSA Coverage

12.     At all times material hereto, Defendant was "an enterprise engaged in commerce" and therefore is a covered employer subject to the wage and hour

requirements of the FLSA including the payment of minimum wages and overtime compensation to non-exempt employees.

13. At all times relevant, Defendant had annual gross revenues of at least $500,000.00.

14. At all times relevant, Defendant employed two or more individuals who, in the course and scope of their employment, handled items (including, but not limited to, restaurant supplies and food items) that were manufactured outside of the state and moved through interstate commerce.

15. At all times material hereto, Plaintiff was an FLSA non-exempt employee entitled to payment of at least the federal minimum wage for all regular hours worked.

### Terms and Conditions of Employment

16. Defendants promised to pay Plaintiff $8.98 per hour (the tip credited wage permitted by Florida during the relevant time period) plus tips.

17. Plaintiff's job duties included taking food and drink orders, serving meals, answering menu questions, and handling payments.

### Failure to Pay Promised Compensation

18. During the pay period of August 1, 2024 – August 14, 2024, Plaintiff worked 65.25 hours for which he received no compensation of any kind.

19. During the pay period of August 15, 2024 – August 28, 2024, Plaintiff worked 25.77 hours for which he received no compensation of any kind.

20.   Despite Plaintiff's repeated demands for payment of his wages, Defendant has refused to pay him.

21.   Plaintiff has had to retain the undersigned counsel to bring the instant action and will incur attorney's fees for said representation.

## COUNT I
### *(Breach of Contract and Entitlement to Attorney's Fees under Fla. Stat. § 448.08)*

22.   Plaintiff realleges and adopts, as if fully set forth in Count I, the allegations in paragraphs 1 through 21.

23.   Plaintiff performed all conditions precedent to receipt of the promised compensation.

24.   Defendant's failure to pay Plaintiff his earned compensation in full constitutes a breach of a contract.

25.   Defendant's breach has damaged Plaintiff by denying full compensation for the work performed.

26.   Because the unpaid compensation constitutes wages, Plaintiff is entitled to recover reasonable attorney's fees and costs pursuant to Fla. Stat. § 448.08.

WHEREFORE, Plaintiff demands judgment against Defendant for unpaid contractual pay plus prejudgment interest together with the costs of suit and reasonable attorney's fees pursuant to Fla. Stat. § 448.08, and such other and further relief that the Court deems just and proper.

**COUNT II**
*(Failure to Pay Minimum Wages in violation of the FLSA, 29 U.S.C. Section 206)*

27.    Plaintiff realleges and adopts, as if fully set forth in Count II, the allegations in paragraphs 1 through 21.

28.    The FLSA requires that every covered employer shall pay each of their non-exempt employees the applicable minimum wage. 29 U.S.C. § 206(a).

29.    Plaintiff was a non-exempt employee under the FLSA and was therefore entitled to payment of at least the federal minimum wage for each regular hour worked in a workweek.

30.    By virtue of Defendant's purposeful failure to pay Plaintiff wages of any kind during the final two pay periods of his employment, Defendant willfully failed to compensate Plaintiff at an effective hourly wage which was at least equal to the federal minimum wage.

31.    Defendant owes Plaintiff unpaid federal minimum wages plus an additional amount in the way of liquidated damages equal to the unpaid minimum wages.

32.    Defendant did not make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendant for unpaid minimum wages plus an equal amount in the way of liquidated damages, prejudgment interest together with the costs of suit, reasonable attorney's fees (pursuant to § 216(b) of the FLSA), and such other and further relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States, Plaintiff demands a trial by jury as to all issues triable as of right.

Dated this 4th day of February 2025.       Respectfully submitted,

*s/ R. Michael Pierro, Jr.*
R. MICHAEL PIERRO, JR.
Florida Bar No. 013023
*Trial Counsel for Plaintiff*

**CALCIANO PIERRO, PLLC**
146 Second Street North – Suite 304
St. Petersburg, Florida 33701
(727) 217-5400
mike@flemploymentlaw.com