UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO. 2:25-cv-00094-SPC-NPM

JAMES DENHAM,

    Plaintiff,

vs.

EYM DINER OF FLORIDA, LLC D/B/A
DENNY'S, a foreign limited liability company,

    Defendant.

_____/

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant, EYM DINER OF FLORIDA, LLC d/b/a DENNY'S, files its answer and affirmative defenses to Plaintiff's, JAMES DENHAM, Complaint (ECF No. 1).

### CAUSES OF ACTION

1. Defendant admits this action is brought under the FLSA and Florida common law, but deny Plaintiff states any causes of action and demands strict proof.

### PARTIES

2. Defendant denies for lack of knowledge Plaintiff's residency and demand strict proof.

3. Admitted.

4. Admitted.

5. Admitted.

Page **1** of **6**

## JURISDICTION AND VENUE

6.    Defendant does not contest subject matter or supplemental jurisdiction but denies Plaintiff states causes of action.

7.    Defendant does not contest personal jurisdiction or venue but denies Plaintiff states causes of action.

8.    Defendant does not contest venue but denies Plaintiff states causes of action.

9.    Defendant denies the allegations, inferences and legal conclusions and demands strict proof.

## GENERAL ALLEGATIONS

10.    Admitted.

11.    Admitted Plaintiff was formerly employed as a server for one or more workweeks in 2024.

### FLSA Coverage

12.    Admitted.

13.    Admitted.

14.    Admitted.

15.    Admitted.

### Terms and Conditions of Employment

16.    Admitted that Defendant paid Plaintiff $8.98 per hour (the tip credited wage permitted by Florida during the relevant time period) plus tips.

17.    Admitted that Plaintiff performed non-exempt, tipped occupation server duties.

### Failure to Pay Promised Compensation

18.    Denied and Defendant demands strict proof.

19.    Denied and Defendant demands strict proof.

20.    Denied and Defendant demands strict proof.

21.    Denied and Defendant demands strict proof.

## COUNT I
### (Breach of Contract and Entitlement to Attorney's Fees under Fla. Stat. § 448.08)

22.    Defendant realleges and reavers its answers and responses to paragraphs 1 through 21 above as if fully set forth herein.

23.    Denied and Defendant demands strict proof.

24.    Denied and Defendant demands strict proof.

25.    Denied and Defendant demands strict proof.

26.    Denied and Defendant demands strict proof.

Defendant denies all relief and damages demanded in Plaintiff's WHEREFORE clause following Count I. Defendant demands prevailing party attorneys' fees pursuant to § 448.08, Fla. Stat.

## COUNT II
### (Failure to Pay Minimum Wages in violation of FLSA, 29 U.S.C. Section 206)

27.    Defendant realleges and reavers its answers and responses to paragraphs 1 through 21 above as if fully set forth herein.

28.    The FLSA speaks for itself.

Page **3** of **6**

29. Denied and Defendant demands strict proof.

30. Denied and Defendant demands strict proof.

31. Denied and Defendant demands strict proof.

32. Denied and Defendant demands strict proof.

**AFFIRMATIVE DEFENSES**

33. For its first affirmative defense, Defendant states Plaintiff fails to state a claim upon which relief can be granted.

34. For its second affirmative defense, Defendant states that none of its actions were "willful", as said term is defined by the Fair Labor Standards Act, regulations, and interpretive case law.

35. For its third affirmative defense, Defendant states at all times material hereto Defendant acted in good faith and had reasonable grounds for believing that its policies and practices were not violations of the FLSA, as amended, and therefore Plaintiff' claims for liquidated damages are barred.

36. For its fourth affirmative defense, Defendant states Plaintiff's claims are barred because he has been properly paid for all hours worked.

37. For its fifth affirmative defense, Defendant states Plaintiff's claims are barred by the "de minimis" doctrine.

38. For its sixth affirmative defense, Defendant states Plaintiff's claims are barred to the extent any hours worked by Plaintiff over forty in any particular workweek was without the knowledge, either actual or constructive, of Defendant.

39.     For its seventh affirmative defense, Defendant states that Plaintiff's claims are barred because Defendant at all times material hereto acted in good faith in conformity with and in reliance on written administrative regulations, orders, rulings, approvals and/or interpretations of the Administrator of the Wage and Hour Division of the Department of Labor.

40.     For its eighth affirmative defense, Defendant states, to the extent Plaintiff obtains any recovery based on his FLSA claims, Plaintiff's claim for attorneys' fees and costs is barred based on the authority of *Goss v. Killian Oaks House of Learning*, 248 F. Supp. 2d 1162 (S.D. Fla. 2003).

41.     For its ninth affirmative defense, Defendant states that Plaintiff's claims are barred in whole or in part due to Plaintiff' failure to accurately record the number of hours he worked.

42.     For its tenth affirmative defense, Defendant states, in case of an adverse judgment, Plaintiff is not entitled to recover pre-judgment interest in an action arising under the FLSA, regardless of an award or denial of liquidated damages. See *Lindsey v. American Cast Iron Pipe Co.*, 810 F.2d 1094, 1101 (11th Cir. 1987) (citing *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 715 (1945)).

Defendant reserves the right to assert additional affirmative defenses which may be learned or disclosed through the discovery process.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant requests this Court dismiss with prejudice Plaintiff's claims in full, tax costs against Plaintiff and in favor of Defendant, and reserve jurisdiction to consider a timely filed

motion for attorneys' fees on the authority of *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541 (11th Cir. 1985); *Turlington v. Atlanta Gas Light Co.*, 135 F.3d 1428 (11th Cir. 1998); and § 448.08, Fla. Stat.

Dated:   March 20, 2025          Respectfully submitted,
         Boca Raton, FL

**Daniel R. Levine**
DANIEL R. LEVINE, ESQ.
Florida Bar No. 0057861
E-Mail:   DRL@PBL-Law.com
ROBIN I. FRANK, ESQ.
Florida Bar No. 0649619
E-Mail:   RIF@PBL-Law.com
PADULA BENNARDO LEVINE, LLP
3837 NW Boca Raton Blvd., Suite 200
Boca Raton, FL   33431
Telephone:   (561) 544-8900
Attorneys for Defendant