# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

JAMES DENHAM,
     Plaintiff,

v.                            2:25-cv-94-SPC-NPM

EYM DINER OF FLORIDA,
     Defendant.

---

## ORDER

Plaintiff James Denham was employed by defendant EYM Diner of Florida as a server, but EYM failed to pay his wages in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").[1] The clerk previously defaulted EYM for failing to defend after we warned EYM to retain new counsel. (Docs. 22, 26, 27). *See* Fed. R. Civ. P. 55(a). Now Denham seeks a default judgment, which is unopposed. *See* Local Rule 3.01(c).[2] It does "not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). And it is supported by verified answers to court-issued interrogatories, setting forth his hourly wages and hours worked. (Docs. 29-1).[3] Finally, because the claim is for "a sum that

---

[1] Since the filing of this suit, EYM has paid Denham his straight-time wages of $585.95, but failed to pay him his $471.25 in FLSA liquidated damages. (Doc. 29 at 2).

[2] Plaintiff served the motion for default judgment on EYM. (Doc. 29 at 7).

[3] *Cf. Brown v. Everest Moving & Storage, Inc.*, No. 12-CV-62530, 2013 WL 12126001, *2 (S.D. Fla. Aug. 20, 2013) ("In the context of an FLSA default judgment, affidavits may be the only means of establishing a plaintiff's damages when a defendant employer has not come forward with time records of its own.")

can be made certain by computation," the clerk may enter the judgment without court review. Fed. R. Civ. P. 55(b)(1).[4]

The complaint and interrogatory answers substantiate Denham's damages in the amount of **$471.25** for FLSA minimum wage liquidated damages (Docs. 29 at 6; 29-1 at 3). Accordingly, the **CLERK** is directed to **GRANT** Denham's request (Doc. 29), enter a default judgment against EYM, and award **$471.25** to Denham. Post-judgment interest will automatically accrue by statute. *See* 28 U.S.C. § 1961(a). And given this entry of judgment in Denham's favor, he is also entitled to attorney's fees under the FLSA's fee-shifting provision. *See* 29 U.S.C. § 216(b). **To obtain a fee award**, he must file a supplemental motion on amount by **May 11, 2026**. *See* Local Rule 7.01(c). To tax costs, Denham must file a proposed Bill of Costs (AO Form 133) and its required documentation within a reasonable time after the entry of judgment.

**ORDERED** on March 25, 2026

NICHOLAS P. MIZELL
United States Magistrate Judge

---

[4] *See also* 28 U.S.C. § 636(b)(3).